CVS.25312

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **SALEM SRINIVASAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-cv-699** |
| | § | |
| **FITNESS INTERNATIONAL, LLC** | § | |
| **D/B/A LA FITNESS,** | § | |
| **Defendant.** | | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant **FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS** ("Defendant")

files this Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332.

### I. INTRODUCTION

1.      On or about June 1, 2020, Plaintiff Salem Srinivasan ("Plaintiff") filed his

Original Petition with discovery requests ("Petition") against Defendant.

2.      In his Petition, Plaintiff purports to assert causes of action for premises liability,

breach of contract, and negligence against Defendant.  Plaintiff seeks damages for past and

future pain and suffering, past and future mental anguish, past and future medical expenses, past

and future lost earnings, and past and future physical impairment, as well as punitive damages,

and pleads "monetary relief under $75,000."

### II. REMOVAL OF STATE COURT ACTION

3.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant .

. . to the district court of the United States for the district and division embracing the place where

such action is pending." As demonstrated below, this action is removable under 28 U.S.C.

§1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

### III. Basis for Removal: Diversity Jurisdiction

4.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.     Complete Diversity Exists.**

5.     Complete diversity exists because Plaintiff and Defendant are citizens of different states.

6.     Plaintiff is a citizen of Texas, and was a citizen of Texas at the time of the incident made the basis for suit. Further, evidence shows Plaintiff intends to remain a citizen of Texas for the foreseeable future. In support, Defendant would show:

A. Plaintiff pleads that he is a resident of Arlington, Texas.

B. The basis for Plaintiff's lawsuit is that on or about February 25, 2018, Plaintiff claims to have been in a shower stall at  the LA Fitness facility located at 141 Road to Six Flags Street, W., Arlington, Texas 76011. Defendant's records show that Plaintiff first began to use the facilities at LA Fitness in Arlington on December 4, 2011. He became a member of LA Fitness on January 24, 2012 and has continued to remain a member since that time. LA Fitness has a security and usage system which, in part, requires members to scan in their membership card upon entry to any LA Fitness facility. That system maintains a record of each date and time a member enters the facility. Defendant's records indicate that since initially becoming a member in 2012, Plaintiff has used one of the Arlington, Texas LA Fitness facilities, including the facility where the incident is alleged to have occurred, virtually every month, up to and including March 15, 2020, when all LA Fitness facilities were closed due to COVID-19 concerns.

C. In Plaintiff's application to join LA Fitness, dated December 4, 2011, he gives his address as "1035 Loblolly, Arlington, TX, 76012." Westlaw records for "Salem R. Srinivasan" presently living at the Loblolly address indicate that Plaintiff has been living at that address since 2008. Records further indicate that the last time Plaintiff lived outside Texas was in August of 2011 when his phone was disconnected in Cincinnati, Ohio. Records further show that Plaintiff was born in June of 1940, making his approximately 80 years of age.

D. A search of the Tarrant County Appraisal District records indicates that Plaintiff purchased the Loblolly property by deed on August 15, 2011 and has continued to pay all property taxes on the property through 2020. Records further show that Plaintiff purchased a second property in Tarrant County, at 1904 Cloisters Drive, # 412,

Arlington, Texas 76011, by deed, on July 16, 2018.

7.      Defendant is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a California limited liability company whose members are LAF, Inc., a California corporation with its principal place of business located in Irvine, California, Seidler Fitness Holdings II, LP, a Delaware limited partnership, and the Seidler Company, LLC, a Delaware limited liability company. No member of Fitness International, LLC is a citizen of Texas. The citizenship of a limited liability company such as Fitness International, LLC is determined by the citizenship of its members, not by the state where the entity was organized. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).

8.      Because Plaintiff is a citizen of Texas and Defendant is a citizen of California and California, complete diversity exists among the parties.

**B.      The Amount in Controversy Exceeds $75,000.00.**

9.      In his Petition, Plaintiff claims that discovery in the case will proceed under the rules for expedited actions because he "seeks monetary relief under $100,000." [Pl. Pet., ¶ 1]. Plaintiff further states that he "seeks monetary relief under $75,000 *Tex. R. Civ. P. 47(c)(5)*." [Pl. Pet., ¶ 2 (emphasis added)]. Defendant would show that Tex. R. Civ. P. 47(c)(5) states that "the party seeks . . . monetary relief *over $1,000,000*." Tex. R. Civ. P. 47(c)(5) (emphasis added).

Even if Plaintiff could charge the conflicting pleadings off as merely a typographical error, his pleadings still provide for removal under 28 U.S.C. § 1332. As an introduction to the discussion of this issue, Defendant would note that Plaintiff pleaded for monetary relief in an amount under $75,000 in Paragraph 2 of his Petition. But in Paragraphs 35 of his Petition, Plaintiff pleads entitlement to exemplary damages under Tex. Civ. Prac. & Rem. Code §

41.003(a). He further states that the only limitation on his damages is the jurisdictional limits of the court. [Pet., ¶ 38]. As a statutory county court, TEX. GOV'T CODE § 25.2221(a)(2), the jurisdictional limits of Tarrant County Court at Law No. 2 (the court of original jurisdiction) is any matter where the amount in controversy "exceeds $500 and does not exceed $200,000, excluding mandatory damages and penalties, attorney's fees, interest, and costs." TEX. GOV'T CODE § 25.2222(b)(1). Furthermore, in addition to pleading for exemplary damages, Plaintiff pleads for recovery of reasonable attorney's fees. [*See* Pet., unnumbered Prayer, p. 8].

The very issue present in the instant cause was directly addressed in *Bryson v. L'Auberge DU LAC, L.L.C.*, 2014 WL 11460900 (E.D. Tex. 2014). The court began by providing the general rules regarding pleading that a claim exceeds the minimum jurisdictional limits of the federal courts, noting that the removing party must establish by a preponderance of the evidence that the amount in controversy exceed $75,000, whereupon "the plaintiff can rebut it and defeat removal only by showing to a "legal certainty" that recovery cannot exceed $ 75,000." *Id*. (*citing De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

In *Bryson*, the plaintiffs had included limiting language in their petition, stating "[f]or Donna and Donald Bryson's damages described above, a maximum recovery of $74,999.99 is sought." *Id*. The plaintiffs' attorney then attached an affidavit stating that "he has "'knowledge of the facts in the case and how they relate to the damages suffered by the Plaintiffs. As such the amount in controversy does not exceed $75,000.'" *Id*. "Following those statements, Plaintiffs allege that they are entitled to recover exemplary damages." *Id*. The facts in the case at bar are identical, save for the additional statement from the plaintiffs' counsel in *Bryson*. Specifically, in the instant cause, Plaintiff stated that the amount he seeks is less than $75,000, but later in his pleadings, includes a claim for punitive damages up to the state court's jurisdictional limits of $200,000.

Because the analysis and holding in *Bryson* is brief and directly in parallel with the instant cause, Defendant will provide it, in whole, herein:

> Under Texas law, a claim for damages "not to exceed" some amount, coupled with a claim for punitive damages, is not a binding limitation on damages. Such a claim does not comport with the rule providing a limitation of damages to plead into an expedited action. *See* Tex. R. Civ. P. 47(c)(1). Plaintiffs' original petition establishes that a claim for punitive damages might exist. That, taken with the request for up to $74,999.99 in actual damages, establishes that Defendants have demonstrated by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $75,000. Plaintiffs have failed to file a binding stipulation, and cite no statute limiting the recovery to below the jurisdictional amount.

*Id*. at *2.

In the instant cause, Plaintiff has pleaded for damages in an amount of less than $75,000, but also pleaded for exemplary damages up to $200,000. Further, his pleadings are inconsistent at best, as he has stated he seeks less than $75,000, but in the same sentence pleads for an amount in excess of $1,000,000. Moreover, and unlike in *Bryson*, Plaintiff has further pleaded for recovery of attorney's fees. Further, Plaintiff has not filed a stipulation limiting damages. Therefore, removal in this matter is proper.

## IV. Additional Requirements

10.     Venue for this Removal is proper in the U.S. District Court for the Northern District of Texas, Fort Worth Division because this district and division includes Tarrant County, Texas, the location of the pending state court action. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(2) (stating that the Fort Worth Division of the Northern District includes Tarrant County).

11.     Attached to or filed contemporaneously with this Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and N.D. Tex. Loc. R. LR-81.1 (these documents are hereby incorporated by reference in all respects):

      A.     Civil Cover Sheet;

      B.     Supplemental Civil Cover Sheet;

    C.      Defendant's Index of Documents:

        1.      State Court Docket Sheet;

        2.      Plaintiff's Original Petition, filed June 1, 2020;

        3.      Citation issued to Defendant on June 1, 2020, served on June 15, 2020; and

        4.      Defendant's Original Answer, filed on July 1, 2020.

    D.      Defendant's Certificate of Interested Parties.

12.    Plaintiff's Petition was served on Defendant on June 15, 2020.  Accordingly, this Removal is timely. *See* 28 U.S.C. § 1446(b).

13.    Written notice of the filing of this Removal will be provided to Plaintiff and filed with the County Clerk of Tarrant County, Texas.

14.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

15.    Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

16.    In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action should proceed in the United States District Court for the Northern District of Texas, as an action properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

BY:   */s/Douglas D. Fletcher*
       **DOUGLAS D. FLETCHER**
       State Bar No. 07139500
       Email: doug.fletcher@fletcherfarley.com
       **JEFFREY D. SMITH**
       State Bar No. 24063008
       Email: jeffrey.smith@fletcherfarley.com
       9201 N. Central Expressway, Suite 600
       Dallas, Texas 75231
       (214) 987-9600 (office)
       (214) 987-9866 (telecopier)

       **ATTORNEYS FOR DEFENDANT FITNESS
       INTERNATIONAL, LLC d/b/a LA FITNESS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 7th day of July, 2020.

       */s/Douglas D. Fletcher*
       **DOUGLAS D. FLETCHER**